UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JARNAIL SINGH, SUDESH KUMARI SINGH, and HARDIP ZHIM SINGH,<br><br>Plaintiff,<br><br>vs.<br><br>EMILIA BARDINI, Director, San Francisco Asylum Office, United States Citizenship and Immigration Services; JANET NAPOLITANO, Secretary, Department Of Homeland Security; ERIC H. HOLDER, JR., Attorney General,<br><br>Defendants. | Case No:  11-1694 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiffs Jarnail Singh ("Singh"), his wife, Sudesh Kumari Singh and their son, Hardip Zhim Singh, bring the instant action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq., to challenge a decision by the United States Citizenship and Immigration Service ("USCIS") to terminate their asylum status.  The parties are presently before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion to Dismiss for Failure to State a Claim.  Docket 10.   Having read and considered the papers submitted and the record in this action, and being fully informed, the Court hereby GRANTS the motion to dismiss for lack of jurisdiction.  The Court adjudicates the instant motion without oral argument.  Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff Singh is a native and citizen of India. Compl. ¶ 4, Dkt. 1. On September 18, 1996, the Immigration and Natural Services ("INS") granted him asylum in the United States, pursuant to 8 U.S.C. § 1158(c). Id. ¶ 5.[1] His wife and son were granted derivative asylum on December 11, 1996. Id.

On November 19, 2010, Singh received a letter styled as a Notice of Intent to Terminate Asylum Status ("NOIT") from the USCIS. Id. ¶ 6.[2] The NOIT stated, in relevant part, as follows:

> USCIS has obtained evidence that indicates fraud in your application such that you were not eligible for asylum at the time it was granted, to wit; on November 11, 2010, the preparer of your asylum declaration, Raman Nair, an office assistant to Rama Hiralal, signed a declaration under penalty of perjury that he fabricated your asylum declaration, and that each and every incident of arrest and torture contained in your declaration was completely fabricated by him and had no basis in truth. Attached to this Notice please find Raman Nair's declaration. Further, in 2000, the individuals who prepared your asylum application were convicted of in Federal District Court of conspiracy to defraud the United States. This evidence calls into question the testimony you provided in support of your asylum claim as well as the veracity of your claim, and indicates that you were not eligible for asylum at the time you were granted.

Id. Ex. C at 2. The NOIT advised Singh that he would have an opportunity to present information and evidence challenging the proposed termination of status at an interview scheduled for December 30, 2010. Id. The letter further advised that: "If USCIS determines that you are no longer eligible for asylum, your asylum status

---

[1] The INS ceased to exist on March 1, 2003, and its functions were transferred to USCIS, which is part of the Department of Homeland Security ("DHS"). Malilia v. Holder, 632 F.3d 598, 601 n.1 (9th Cir. 2011).

[2] USCIS previously issued a NOIT to Singh on June 27, 2006, and subsequently terminated his asylum status, effective June 12, 2009. Singh and his family filed suit in this Court challenging USCIS's decision to terminate asylum. See Singh v. Bardini, C 09-3382 EMC. Judge Edward Chen (then a Magistrate Judge) denied Defendants' motion to dismiss for lack of jurisdiction. Singh v. Bardini, No. C 09-3382 EMC, 2010 WL 308807 (N.D. Cal. Jan. 19, 2010). Judge Chen ultimately ruled in favor of Plaintiffs. Id., 2010 WL 229320 (N.D. Cal. June 7, 2010). Although the instant case involves the same parties and arises from the USCIS's continuing efforts to terminate Plaintiffs' asylum status, Judge Chen denied Plaintiffs' motion to relate the cases.

and employment authorization will be terminated, and will be placed in removal proceedings. You may renew your asylum request before an Immigration Judge." Id. at 2.

On December 3, 2010, Singh's counsel contacted USCIS to reschedule the interview to January 27, 2010, so that he could obtain and review additional records concerning Roman Nair ("Nair"), who was the subject of a criminal prosecution. Id. Ex. D. Specifically, Singh wanted to question Nair at the termination meeting and requested the name and address of the agency official Singh could contact to issue a subpoena. Id. Ex. D. In addition, Singh sought to review a redacted declaration given to Nair by Supervisory Asylum Officer Kathy Galvin on August 26, 2010, which Nair had referenced in his own declaration. Id.

The termination meeting proceeded on January 27, 2011. Id. Ex. H. USCIS did not present any witnesses and neither Nair nor Officer Galvin appeared. However, Singh testified under oath that he had never met Nair and that Nair played no role in preparing his asylum application. Compl. ¶ 13. He further denied having any awareness that his asylum application contained false information. Id.

On February 23, 2011, USCIC sent Singh a Notice of Termination of Asylum Status ("Termination Notice") stating that it had terminated his asylum status, effective January 28, 2011. Id. Ex. I. The Termination Notice stated:

> The Federal District Court conviction of members of the firm that prepared your asylum application and the declaration of Raman Nair specifying that your asylum declaration is false are material because they contradict your claim for asylum. Your explanation for the inconsistencies between your testimony and the above-referenced evidence was not reasonable because this contrary evidence is credible. This contrary evidence casts significant doubt on the reliability of your claims on your I-589 and testimony to the Asylum Office.

Id. Singh was advised, however, that the termination of asylum did not preclude him from "reasserting an asylum or withholding of removal claim," nor did it foreclose his wife and child from "asserting an asylum or withholding of removal claim" in a subsequent removal proceeding. Id.

On February 23, 2011, the Department of Homeland Security ("DHS") served Singh with a Notice to Appear before an IJ on March 30, 2011. Id. Ex. J.  On March 30, 2011, the Immigration Court scheduled Plaintiffs' removal hearing for October 5, 2011.  Id. Ex. K.

On April 7, 2011, Plaintiffs filed a Complaint for Declaratory Judgment and Injunction in this Court against Emilia Bardini, Director of the San Francisco Asylum Office; Janet Napolitano, Secretary of the DHS; and Eric Holder, Attorney General (collectively "Defendants").  On June 7, 2011, Defendants filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or alternatively, to dismiss for failure to state a claim under Rule 12(b)(6).  Dkt. 10.  The motion was scheduled for hearing on October 31, 2011, but was continued to February 28, 2012, at the request of Plaintiffs' counsel.  Dkt. 16, 18.  The motion has been fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

A complaint may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  If the jurisdictional challenge is "facial," the court assumes the truth of plaintiff's factual allegations and draws all reasonable inferences in its favor.  Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).  In the challenge is "factual," the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  The party seeking to invoke federal jurisdiction bears the burden of establishing the existence of subject matter jurisdiction.  Tosco Corp. v. Comtys. for Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

## III. DISCUSSION

The salient issue presented is whether USCIS's termination of Plaintiffs' asylum constitutes a final agency action subject to review in this Court.  Under the APA, a federal

- 4 -

district court has jurisdiction to review an agency action only when it is a "final action for which there is no other adequate remedy in a court." See 5 U.S.C. § 704.  An agency action is final if it is (1) the consummation of the agency's decision making process, and (2) an action by which rights or obligations have been determined, or from which legal consequences will flow.  Bennett v. Spear, 520 U.S. 154, 177-78 (1997).  When evaluating whether an agency action satisfies these two conditions, the Supreme Court has directed courts to interpret APA's finality requirement both flexibly and pragmatically.  Abbott Labs v. Gardner, 387 U.S. 136, 149-50 (1967).

The Ninth Circuit has not yet reached the issue of whether the termination of asylum constitutes a final agency action.  Nonetheless, its decision in Cabaccang v. USCIS, 627 F.3d 1313 (9th Cir. 2010) is instructive.  In that case, the court held that USCIS's denial of an application to adjust status is "not yet a final agency action" where removal proceedings have been initiated and remain pending.  Id. at 1316.  In reaching its decision, the court noted that in the course of the removal proceedings, plaintiffs will have the opportunity to renew their request to adjust status before the IJ, who has "unfettered authority" to modify or reverse USCIS's prior denial of their applications.  Id.  The court concluded that given the IJ's ability to "wipe away" USCIS's prior decision, "USCIS's denial of their applications is not yet final, and the district court lacked jurisdiction under the APA."  Id.

Plaintiffs argue that Cabaccang is inapposite because, unlike the situation involving the denial of an application for adjustment of status, "asylum relief *may* be unavailable in removal proceedings."  Pls.' Opp'n at 10 and n.5.  But whether Plaintiffs face more daunting hurdles in avoiding deportation following the termination of asylum, as opposed to the denial of an application to adjust status, is beside the point.  The fact remains that Plaintiffs, in fact, have avenues for relief which they can pursue in the removal proceedings.  Qureshi v. Holder, 663 F.3d 778, 781 (11th Cir. 2011) ("Even if the IJ and BIA lack jurisdiction to review asylum termination decisions, they both retain the power to halt removal proceedings altogether, either by an alien's successful contest to removability via 8 U.S.C. § 1229a(b)(4) or by a successful new asylum application via 8 U.S.C.

§ 1158(a)(1)."). As such, USCIS's termination of Plaintiffs' asylum status, under the circumstances presented, cannot be construed as a final agency action. See Qureshi, 663 F.3d at 781 (affirming dismissal of complaint challenging termination of asylum status for lack of subject matter jurisdiction on the ground that the "termination of asylum does not 'mark the consummation' of the decision making process"); Dhariwal v. Mayorkas, No. C 11-2593, 2011 WL 6779314, at *4 (N.D. Cal. Dec. 27, 2011) (following Cabaccang and Qureshi in finding that the court lacked jurisdiction to consider a challenge to USCIS's termination of asylum).

Plaintiffs correctly note that several judges of this Court have previously ruled that the termination of asylum status constitutes a final agency action subject to federal district court review under the APA. See Singh, 2010 WL 308807, at *5 (Chen, J.); Sidhu v. Bardini, No. C 08-5350 CW, 2009 WL 1626381, at *4-5 (N.D. Cal. June 10, 2009) (Wilken, J.); Singh v. Chertoff, C 05-1454 MHP, 2005 WL 2043044, at *5-6 (N.D. Cal. Aug. 25, 2005) (Patel, J.). In each of those decisions, which predate Cabaccang, the courts viewed the termination of status proceeding as being "separate and independent" from the removal proceeding. See, e.g., Singh, 2010 WL 308807, at *5. As such, they viewed the conclusion of termination of status proceeding as "final" for purposes of judicial review. See id. Cabaccang, however, rejects such a distinction and instead instructs that that USCIS's decision to terminate an alien's status is not final where an IJ, in the course of removal proceedings, retains the ability the grant alien relief during the removal process. 627 F.3d at 1316. As such, the Court finds that those prior decisions are no longer germane.

## IV. CONCLUSION

The Court concludes that the termination of Plaintiffs' asylum status does not constitute a final agency action for purposes of judicial review under the APA. Because the Court lacks subject matter jurisdiction, it does not reach and expresses no opinion regarding the merits of Plaintiffs' allegations regarding the purported deficiencies concerning the termination process. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss for Lack of Jurisdiction is GRANTED.

2. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: February 27, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge